**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

ERIC WEIS and SARAH WEIS,

      Plaintiff,

v.

THE CINCINNATI INSURANCE COMPANY,

      Defendant.

**Case No.**

## NOTICE OF REMOVAL

NOW COMES Defendant, THE CINCINNATI INSURANCE COMPANY, (hereinafter "Cincinnati"), by and through its counsel, and pursuant to 28 U.S.C. § 1332, 1441, and 1446, states as follows in support of its Notice of Removal:

1. On March 26, 2026, ERIC WEIS and SARAH WEIS ("Plaintiffs") filed a Complaint ("Complaint") in the Circuit Court of Racine County, Wisconsin, captioned *Eric Weis and Sarah Weis, v. The Cincinnati Insurance Company, case number 2026CV000776.* A copy of the Complaint is attached hereto as **Exhibit "A".**

2. On June 1, 2026, Cincinnati was served with the Complaint.

3. Plaintiffs' Complaint, is the only pleading that has been filed in the state court action.

4. Plaintiffs' Complaint alleges that Plaintiffs are "residents of the State of Wisconsin whose residence is located at 2815 Knollcrest Drive, Burlington, Wisconsin." *See* Exhibit "A" ¶¶ 1.

5. Cincinnati is an Ohio corporation with its principal place of business located in Fairfield, Ohio and, therefore is a citizen of the State of Ohio.

1

6. Plaintiffs' Complaint alleges one count of Breach of Contract and another court for Bad Faith against Cincinnati, stemming from a property insurance claim for the alleged loss and damage to Plaintiffs' multi-unit residential property, composed of the units located at 797 N. Pine Street, 799 N. Pine Street, 522 Kendall Street, and 524 Kendall Street. While the Complaint does not allege an amount for the damages, generally stating that "Cincinnati has refused to pay the full scope of necessary, covered repair, demolition, and abatement work […]" (*See* Exhibit "A" ¶¶ 15), Plaintiff's through counsel, submitted a demand for the total cost to repair the alleged damage covered under the policy in the amount of $182,721.11 for. *See* **Exhibit "B".**

7. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014).

8. Based on the allegations contained in the Petition and described above, Defendant has a good faith belief that the alleged damages meet the jurisdictional threshold of $75,000.

9. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, thereby vesting subject matter jurisdiction in this Court pursuant to 28 U.S.C. §1332.

10. Venue lies in this Court pursuant to 28 U.S.C. §1441.

11. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is being filed within 30 days after receipt by the Defendant of Plaintiffs' Petition.

12. Pursuant to 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, Cincinnati will give written notice to the Plaintiffs and will file a copy of this Notice of Removal with the Circuit Court of Racine County, Wisconsin, and will serve all parties with a file marked copy of the "Notice of Removal."

2

WHEREFORE, Defendant, THE CINCINNATI INSURANCE COMPANY, hereby removes this matter from the Circuit Court of Racine County, Wisconsin to the United States District Court for the Eastern District of Wisconsin as provided by law, and this action should proceed as if it had originally been commenced in this Court.

Respectfully submitted,

The Cincinnati Insurance Company

By: /s/ *Scott Wing*
      Scott Wing (sw@lefltd.com)
      LEAHY, EISENBERG & FRAENKEL, LTD.
      33 West Monroe Street, Suite 1100
      Chicago, Illinois 60603
      P: (312)-368-4554
      F: (312) 368-4562
      Attorney No. 6298780

\\LEFPL24\ProLawFILES\Documents\CINCINNATI - HBR\25564\PLEADINGS\1626713.docx

3